## Case No. 8,808.

In re McGRATH et al.

[5 Ben. 183;[1] 5 N. B. R. 254.]

District Court, S. D. New York.  June 3, 1871.

BANKRUPTCY — RENT OF PREMISES WHILE IN POSSESSION OF MARSHAL.

At the commencement of the bankruptcy proceedings, the bankrupts were occupying premises under a lease. The marshal, under the warrant, took possession of the bankrupt's goods on such premises, and they remained there in possession of the marshal till the appointment of the assignee. *Held*, that, on the facts of the case, the owner of the premises was not entitled to be paid out of the fund, for such occupation.

[Cited in Re Hamburger, Case No. 5,975; In re Ives, Id. 7,116.]

[See Bailey v. Loeb, Case No. 739.]

The bankrupts in this case [William B. McGrath and George B. Hunt] were occupying premises under a lease, at the time of their bankruptcy. When the warrant was issued to the marshal, he took possession, on October 15th, 1870, of the bankrupt's premises and goods, and remained in possession till December 13th, when he surrendered them to the assignee, who removed the goods from the premises, and gave up possession of the premises on the 1st of January, 1871. The landlord thereupon applied to the register

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

for an order that a reasonable sum be allowed to him for the rent of the premises during that period. The testimony of the landlord was as follows: "From the 1st of January, 1871, I let the premises at the rent of $3,500 a year. If I had had possession before, I could have rented the premises. An offer of $3,000 rent was made before the assignee was appointed. If I had had possession of the premises on the 15th of October, I have no doubt I could have rented them for $3,000 within a week. I understand the goods were, very soon after the 15th of October, placed in four or five boxes. These boxes, with a little furniture, was all that was in the premises. They were kept by the marshal to store these boxes and furniture in, up to the time the assignee took possession. At that time I had let the premises at $3,500, possession to be taken on the 1st of January. The possession of the assignee, therefore, from the 13th of December to the 1st of January, did no harm, so far as rent is concerned. Had application been made to me when the marshal took possession, to store these boxes and furniture elsewhere. I should at once have stored them for a nominal sum, or, perhaps, for nothing, for the sake of getting possession of the premises and letting them to other parties."

By I. T. WILLIAMS, Register:

[I, the undersigned register, to whom this case is referred, respectfully certify and report that a claim of Joseph Lee against the said estate has been submitted to me by the respective parties. Upon an application of the said Lee for an order that a reasonable sum be allowed him from said fund for rent of the premises owned by him and heretofore let to and occupied by said bankrupts up to the time of their bankruptcy, to wit: the premises numbered sixty-four and sixty-six Lispenard street, in this city, at a rent of five thousand five hundred dollars per annum. After the bankruptcy, on the fifteenth of October, eighteen hundred and seventy, the marshal took possession of the goods and premises in question, and held them until the fifteenth of December following, when he surrendered them to the assignee. It is very clear from the testimony, that the landlord is entitled to rent at and after the rate of three thousand dollars a year, that being the sum at which he could have rented it during these two months during the period the marshal so held it, which rent amounts to about five hundred dollars. I cannot think, under the subjoined testimony, that the estate is liable for that sum. The assignee was present in person and stated that he could not change the facts as sworn to by Mr. Lee, and it was submitted to my decision by both parties. I am unwilling to make the decision indicated above without first submitting the case to the court for instructions as I may do under the decision of Judge Cadwalader, in the case of In re Sherwood [Case No. 12,774]. If the court think my views above expressed are correct,

I shall deny the application of the landlord and leave him to his remedy at law.] [2]

BLATCHFORD, District Judge. The register is correct in his conclusion. On the testimony, the landlord ought to have applied to this court immediately after the marshal took possession of the goods and premises, to have the goods and furniture removed and the premises vacated by the marshal. Such motion would have been granted. If he had an opportunity to rent the premises, he should so have represented to this court.